UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KIM MARIE NADEAU,**

        **Plaintiff,**

**v.**                                                                        **Case No:  6:16-cv-800-Orl-41DCI**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR AWARD OF ATTORNEY FEES (Doc. 26)** |
| **FILED:** | **August 29, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.    BACKGROUND.**

On June 2, 2017, judgment was entered reversing and remanding this case to the Commissioner of Social Security (the Commissioner) for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Docs. 24; 25.  On August 29, 2017, Plaintiff filed a Motion for Award of Attorney Fees (the Motion), requesting an award of $5,220.00 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the EAJA).  Doc. 26.  The Commissioner filed

an objection to Plaintiff's Motion on September 13, 2017.[1] Doc. 28. The Commissioner did not challenge that Plaintiff was the prevailing party, that Plaintiff timely filed an EAJA petition, or the hourly rates requested. *Id.* at 1. The Commissioner challenged only the number of hours Plaintiff's counsel spent on the case. *Id.* at 1-5.

**II.    DISCUSSION.**

A party seeking an award of attorney fees pursuant to the EAJA must demonstrate that he or she is eligible for an award of EAJA fees and that the amount sought is reasonable. The undersigned finds, as discussed below, that Plaintiff is eligible to recover EAJA fees and that her request for EAJA fees is reasonable.

**A. Eligibility for EAJA Fees.**

A party may recover an award of attorney fees against the government provided the party meets five requirements: 1) the party seeking the award is the prevailing party; 2) the application for such fees, including an itemized justification for the amount sought, is timely filed; 3) the claimant had a net worth of less than $2 million at the time the complaint was filed; 4) the position of the government was not substantially justified; and 5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1), (d)(2). Plaintiff met all five requirements in this case.

**1. Prevailing Party.**

The Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. Docs. 24; 25. The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party. *Shalala v.*

---

[1] The Court permitted the Commissioner to file her objections after the applicable deadline due to Hurricane Irma. Docs. 27; 29.

*Schaefer*, 509 U.S. 292, 300-02 (1993). Accordingly, the undersigned finds that Plaintiff is a prevailing party.

### 2. Timely Application.

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is defined as a judgment that "is final and not appealable." *Id*. at § 2412(d)(2)(G). The Commissioner generally has 60 days in which to appeal, thus a judgment typically becomes final after 60 days. Fed. R. App. P. 4(a)(1)(B). The plaintiff, as discussed above, then has 30 days in which to file his or her motion for EAJA fees. Therefore, a motion for EAJA fees is timely if it is filed prior to 90 days after the judgment is entered. *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996). Here, the Judgment was entered on June 2, 2017, and the Motion was filed 88 days later on August 29, 2017. Docs. 25; 26. Accordingly, the undersigned finds that the Motion is timely.

### 3. Claimant's Net Worth.

Plaintiff represents that her net worth did not exceed $2 million when this action was filed. Doc. 26 at 1. This representation is uncontroverted. Accordingly, the undersigned finds that Plaintiff's net worth was less than $2 million when the complaint was filed.

### 4. Government's Position Not Substantially Justified.

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person – i.e. when it has a reasonable basis in both law and fact." *U.S. v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (internal quotations omitted). The Commissioner bears the burden of proving her position was substantially justified. *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies her burden, the government's position will be deemed not substantially justified. In this

case, the Commissioner did not argue that the government's position was substantially justified. Accordingly, the undersigned finds that the government's position was not substantially justified.

### 5. No Special Circumstances.

The undersigned finds no special circumstances that would make an award of fees unjust.

### B. Reasonableness of EAJA Fee.

Plaintiff requests an award of $5,220.00 in attorney fees. Doc. 26 at 1. The chart below represents the hours Plaintiff's counsel worked and the requested hourly rates:

| Attorney | Year(s) | Hours | Rate | Total |
|---|---|---|---|---|
| Shea A. Fugate, Esq.: | 2016 | 23.9 | $192.62 | $4,603.62 |
| | 2017 | 3.2 | $192.62 | $616.38 |
| | **Total** | **27.1** | | **$5,220.00** |

Docs. 26; 26-1; 26-2 at 3-4; 26-3. Plaintiff attached a time sheet in support of the hours her counsel spent working on her case before the Court. Doc. 26-2 at 3-4. Plaintiff also demonstrated that the above hourly rates do not exceed the EAJA cap of $125.00 per hour adjusted for inflation. Doc. 26-3.

As previously noted, the Commissioner takes issue with the number of hours Plaintiff's counsel spent on this case. Doc. 28. Specifically, the Commissioner argued that Plaintiff should not be able to recover for the time her counsel spent making arguments that were ultimately unsuccessful.[2] *Id*. The Commissioner's argument is without merit.

The Supreme Court has stated that "[w]here the plaintiff has failed to prevail on a claim that is *distinct in all respects* from his successful claims, the hours spent on the unsuccessful claim

---

[2] Although Plaintiff made three separate arguments in support of remand, the Court only accepted one of Plaintiff's arguments – that the Administrative Law Judge (the ALJ) erred by failing to adequately assess Plaintiff's credibility. Docs. 22; 24.

should be excluded in considering the amount of a reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) (emphasis added). But "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Id*. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Id*. at 435. "The result is what matters." *Id*.

The Commissioner relies upon *Molina v. Comm'r of Soc. Sec.*, 750 F. Supp. 2d 1341 (M.D. Fla. 2010) for the proposition that "a plaintiff should not be awarded EAJA fees for work in an unsuccessful claim that is not related to the claims on which he prevailed." Doc. 28 at 3-4 (citing *Molina*, 750 F. Supp. 2d at 1346 (quoting *United States v. Jones*, 125 F.3d 1418, 1429 (11th Cir. 1997))). But the Commissioner's reliance is misplaced. Not only is *Molina* distinguishable from the instant case,[3] but the Commissioner failed to provide the full context for the foregoing proposition. In *Jones*, the Eleventh Circuit stated as follows:

> The Supreme Court held that a plaintiff should not be awarded EAJA fees for work in an unsuccessful claim that is not related to the claims in which he or she prevailed. The Court also instructed, however, that a district court should award full compensation for the defense of claims that involve a common core of facts or related legal theories even if a party seeking an award of EAJA fees did not prevail on every contention raised in the action. The Court explained its holding as follows:

---

[3] In *Molina*, the district court found no error with regard to any of the issues raised by the plaintiff. *Molina*, 750 F. Supp. 2d at 1343, 1346. But the district court nevertheless remanded the case, citing an error that had not been raised by the plaintiff. *Id*. Here, it is uncontested that Plaintiff prevailed on an argument raised before the Court. *See* Docs. 22; 24; 25; 28. As such, the undersigned finds the Commissioner's citation to *Molina* unpersuasive. *See Freese v. Colvin*, 8:15-cv-1315-T-27AAS, 2016 WL 6804893, at *2 n.5 (M.D. Fla. Nov. 16, 2016) ("The Commissioner's citation of *Molina* . . . is unpersuasive because in that case, the plaintiff did not 'prevail on any claim raised in [the district court].' [B]y contrast, the Commissioner acknowledges that Plaintiff prevailed on one of the three arguments that she made in this case, and that remand was ordered for further factual development regarding one of the other arguments made by Plaintiff.") (citation omitted).

> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants—often an institution and its officers, as in this case—counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.
>
> It may well be that cases involving such unrelated claims are unlikely to arise with great frequency. Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.
>
> Thus under *Hensley*, a plaintiff who has prevailed against the United States on one claim may recover for all the hours reasonably expended on the litigation even though he or she failed to prevail on other claims involving a common core of facts or related legal theories.

*Jones*, 125 F.3d at 1429-30 (internal citations omitted).

Here, the undersigned finds that Plaintiff's arguments – that the ALJ failed to adequately consider and weigh the opinions of Plaintiff's treating physicians, that the ALJ failed to adequately

assess Plaintiff's credibility, and that the ALJ posed a hypothetical to the Vocational Expert that did not accurately reflect Plaintiff's limitations – all arose from a common core of facts and related legal theories.  And the Commissioner provided no argument to the contrary.  Accordingly, the undersigned finds that the Commissioner's argument is not well-taken, that Plaintiff is entitled to recover $5,220.00 in attorney fees, and that such fee is reasonable.

### III.    CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 26) be **GRANTED** to the extent that the Court award Plaintiff a total of $5,220.00 in attorney fees.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 23, 2017.

*[signature]*
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy